IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STATE FARM FIRE & CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL  61710**<br>         Plaintiff,<br><br>         v.<br><br>**FEDERAL NATIONAL MORTGAGE ASSOCIATION**<br>**a/k/a FANNIE MAE**<br>**3900 WISCONSIN AVENUE NW**<br>**WASHINGTON, DC  20016**<br>         Defendant. | **CIVIL ACTION NO.:** |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, the Federal National Mortgage Association A/K/A Fannie Mae ("Defendant"), complaining against it as follows:

### PARTIES

1.      Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2.      At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3.      At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to Vanessa Mauricio ("subrogor") in connection with her residential property at 1127 W. Tilghman Street in Allentown, Pennsylvania ("subject property").

4.      As a result of claims made on said policy in connection with the incident described herein, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted in this action.

5. Upon information and belief, Defendant was at all relevant times a Virginia corporation with its principal place of business at the above-captioned address; upon further information and belief, Defendant was at all relevant times in the business of (*inter alia*) mortgage financing and property management.

6. At all relevant times, Defendant owned the neighboring property to the subject property, i.e. the one at 1123 W. Tilghman Street ("origin property").

## JURISDICTION AND VENUE

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

8. Venue is proper in this district based on 28 U.S.C. §1391(b) in that the events giving rise to this claim occurred in this district.

## STATEMENT OF FACTS

9. Defendant was responsible for safeguarding, maintaining, servicing, inspecting, and controlling the origin property.

10. Defendant was furthermore responsible for reasonably protecting the origin property, including but not limited to securing it from access by squatters, vagrants, trespassers, and other unauthorized residents and/or visitors who might foreseeably create hazardous conditions there.

11. Instead, Defendant allowed the origin property to steadily deteriorate until it became an unsecured haven for unauthorized persons ("squatters").

12. Prior to November 11, 2021, Defendant knew or should have known that the origin property was vacant, inadequately secured, and had been trespassed upon by squatters.

13. On or about November 11, 2021, squatters residing within the unsecured origin property carelessly started a fire there, which spread and caused severe damages to the subject property.

14. Thus, as a direct and proximate result of Defendant's unlawful acts and/or omissions, subrogor sustained extensive and severe property damage.

15. Pursuant to the terms of the above-described policy, subrogor made claims relating to such damages, which Plaintiff paid consistent therewith; Plaintiff thereby became subrogated to the recovery being sought on this action, i.e. for monies paid per the policy as a result of the above-described incident.

### COUNT I – NEGLIGENCE

16. Plaintiff incorporates by reference herein the foregoing paragraphs as though fully set forth at length here.

17. At all relevant times, Defendant owned and/or controlled the origin property.

18. The above-described damages were the direct and proximate result of Defendant's negligence – including negligent acts and/or omissions committed by and through Defendant's agents/servants/employees/subcontractors ("agents") – more specifically described as follows:

   (a) failing to exercise reasonable care in maintaining, safeguarding, and protecting the origin property, including negligently performing the following:

   i. failing to properly and appropriately secure the origin property so as to prevent squatters from entering and remaining there;

   ii. failing to maintain the origin property in a responsible and appropriate manner;

   iii. failing to ensure that proper techniques and procedure were employed as to the securing of the property;

    iv. permitting squatters to enter the origin property and create a real and imminent fire danger to nearby properties, including the subject property;

    v. allowing a fire to originate in the origin property and spread to other adjoining properties, including the subject property.

 (b) failing to adequately protect subrogor and others of the dangers resulting from the failure to exercise reasonable care as described in subparagraph (a) above; and/or

 (c) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a) above.

19. As a result of Defendant's such negligent actions and/or omissions, subrogor sustained damages in an amount in excess of $75,000.00.

20. Pursuant to the terms of the above-described policy, subrogor made claims relating to such damages, which Plaintiff paid consistent therewith; Plaintiff thereby became subrogated to the recovery being sought on this action, i.e. for monies paid per the policy as a result of the above-described incident.

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendant in an amount in excess of $75,000.00, plus interest, costs and such other relief as the Court deems appropriate under circumstances.

             **de LUCA LEVINE LLC**

     By: _____
         DANIEL J. de LUCA,
         ATTORNEYS FOR PLAINTIFF
         PA ATTORNEY I.D. NO.: 74727
         301 E. Germantown Pike, 3rd Floor
         East Norriton, PA  19401
         (215) 383-0081 (Telephone)
         (215) 383-0082 (Fax)
         ddeluca@delucalevine.com

**Dated:** January 5, 2023